<pre>
 1
 2
 3
 4
 5
 6
 7
</pre>

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS GENE MAYFIELD,** | CASE NO. 07-CV-0340-JLS |
| Petitioner, | **ORDER: (1) ADOPTING REPORT AND RECOMMENDATION IN PART AND (2) GRANTING RESPONDENT'S MOTION TO DISMISS WITHOUT PREJUDICE** |
| v. | |
| **L.E. SCRIBNER, WARDEN,** | |
| Respondent. | |

Presently before the Court is Thomas Gene Mayfield's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges the Board of Prison Terms's ("Board") decision to deny Petitioner's release for parole.

On December 31, 2007, United States Magistrate Judge William McCurine, Jr. issued a Report and Recommendation ("Report") advising this Court to deny Respondent's motion to dismiss the petition for a writ of habeas corpus. Respondent timely objected to the Report. For the following reasons, the Court: (1) finds that Petitioner timely filed his petition for a writ of habeas corpus and therefore **ADOPTS** the Report and Recommendation in this respect, and (2) **GRANTS** Respondent's motion and **DISMISSES** Petitioner's claims for relief without prejudice.

## BACKGROUND

On April 29, 1985, a Los Angeles County Superior Court sentenced Petitioner to twenty-two years to life, with the possibility of parole, for conspiracy to commit murder and for three counts of assault with a deadly weapon. [Resp.'s Lodgment 1, Judgment.]

On December 28, 2004, the Board held a hearing to determine whether Petitioner was suitable for parole. [Pet.'s Lodgment 4, Board Hearing Transcript.] The Board found Petitioner unsuitable and denied him parole on that date. [Resp.'s Lodgment 3, Board Decision.] Petitioner received the Board Hearing Transcript ("Transcript") at some time after January 12, 2005. [Pet.'s Lodgment 4 at 55.] The date stamp on the Transcript states that the Board's "decision will be final on: April 27, 2005." [Pet.'s Lodgment 4 at 54.]

On August 19, 2005, Petitioner filed for a writ of habeas corpus in Los Angeles County Superior Court to challenge the Board's December 28, 2004 decision. On September 21, 2005, the Superior Court denied habeas relief finding that the Board did not abuse its discretion in denying parole. [Resp.'s Lodgment 4, Los Angeles County Superior Court Order.]

On January 13, 2006, Petitioner filed for a writ of habeas corpus in the California Court of Appeal, Second Appellate District. [Resp.'s Lodgment 5, California Court of Appeal Petition.] On February 2, 2006 the court denied the petition. [Resp.'s Lodgment 6, California Court of Appeal Order.]

On May 22, 2006, Petitioner filed for a writ of habeas corpus in the California Supreme Court. [Resp.'s Lodgment 8, California Supreme Court Petition.] On December 20, 2006, the California Supreme Court denied the habeas petition. [Resp.'s Lodgment 9, California Supreme Court Order.]

On January 17, 2007, Petitioner filed for a writ of habeas corpus in the United States District Court for the Central District of California, Western Division, Los Angeles. [Doc. No. 1 at 68; Pet.'s Lodgment 1.] The court transferred the petition to this Court, and it was subsequently filed on February 16, 2007. [Doc. No. 1 at 4.] The Petitioner presented three claims as to why his due process rights were violated: (1) that the Board based its decision to deny parole on irrelevant information, misapplied criteria, and insufficient evidence; (2) that the state trial and appellate

1 courts that denied his petition did not consider all the facts and evidence in accordance with the
2 requirements set forth by the California Legislature for prisoners with indeterminate life sentences;
3 and (3) that the California Supreme Court did not base its decision on the evidence and misapplied
4 the law.  [Pet. at 5-6.]¹

5       On May 29, 2007, Respondent filed its motion to dismiss, contending that: (1) Petitioner
6 filed after the one year statute of limitations had expired; (2) Petitioner had not exhausted his third
7 claim for relief in state court; and (3) the petition failed to state supporting grounds for relief.
8 [Resp.'s Motion at 1.]  In response, Petitioner filed an opposition with supporting points and
9 authorities.  [Doc. No. 8.]

10       On December 31, 2007, U.S. Magistrate Judge William McCurine, Jr. issued the Report
11 advising this Court to deny Respondent's motion to dismiss the petition.  [Doc. No. 10.]  On
12 January 24, 2008, Respondent filed an objection to the Report.  Respondent stated that Judge
13 McCurine failed to address Respondent's arguments that Petitioner failed to state facts supporting
14 each ground for relief and that Petitioner's third claim was not exhausted in state court.  [Doc. No.
15 11.]

## LEGAL STANDARD

18       Rule 72(b) of the Federal Rules of Civil Procedure and United States Code Section
19 636(b)(1) set forth the duties of the district court in connection with review of a magistrate judge's
20 report and recommendation.  The district court must review <u>de novo</u> the portions of the report to
21 which Respondent objects and may "accept, reject, or modify, in whole or in part, the findings or
22 recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(C); <u>see also</u> <u>United States v.</u>
23 <u>Remsing</u>, 874 F.2d 614, 617 (9th Cir. 1989).  The Court may grant a petitioner's Section 2254
24 petition, only if the Court determines that the final California state court that reviewed the petition
25 on the merits decided in a manner that was either "contrary to, or involved an unreasonable
26 application of, clearly established federal law, as determined by the Supreme Court of the United

---

¹The Petition contains three grounds numbered 1, 3, and 4.  For ease of reference, the Court will refer to these grounds as 1, 2, and 3 in the order of their appearance in the petition. [Pet. at 5-6.]

States," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 403, 412-13 (2000).

## ANALYSIS

**I.     The Petition is Not Barred by the AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations on applications for writs of habeas corpus "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). For habeas petitions challenging administrative decisions, such as parole board decisions, the one year period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. § 2244(d)(1)(D); see Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003) (holding that 28 U.S.C. § 2244(d)(1)(D) applies to habeas petitions challenging parole decisions); see also Hansan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (stating that the limitation period runs from the time when a prisoner knows the facts supporting his claim). When a Board denies an inmate parole, the factual basis of a habeas petition is the parole board's decision denying parole; therefore, the statute of limitations begins to run the day after the final denial of parole. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).

In the present action, the parties dispute the date when the statute of limitations began to run. Respondent states that before May 1, 2004, a Board's decision granting or denying parole was not considered final since a petitioner could file an administrative appeal. Thus, a petitioner would not know the "factual basis" for his claim until after a subsequent appeal had been denied. However, Respondent explains that on May 1, 2004, the Board repealed regulations that allowed

for an administrative appeal. [Resp.'s Motion at 5; Resp.'s Lodgment 2, Notice to Inmates.] As a result, Respondent contends that: (1) Petitioner would know the factual basis for his claim on December 28, 2004, the date of the Board's decision; (2) that the statute of limitations period expired on December 28, 2005, 365 days after the Board's decision; and (3) the petition is time-barred because Petitioner filed on January 17, 2007. [Resp.'s Motion at 5.]

In response, Petitioner contends that the Board decision became final on April 27, 2005 and that the limitations period began to run the next day on April 28, 2005. [Pet.'s Opp. at 6.] Petitioner argues and Magistrate Judge McCurine agreed that: (1) Petitioner never received notice that the Board repealed the administrative appeal process for inmates, and (2) that Petitioner relied on two different documents provided to him after the Board's decision, which led him to believe that the Board's decision was not final on December 28, 2004, but on April 27, 2005. For the following reasons, the Court agrees with Petitioner and equitably tolls the start of the statute of limitations period from December 29, 2004 to April 27, 2005.

**A. Petitioner is Entitled to Equitable Tolling**

Under AEDPA, the one year statute of limitations is subject to equitable tolling. Calderon v. United States Dist. Court, 128 F.3d 1283, 1288 (9th Cir. 1997), cert. denied, 522 U.S. 814 (1997). The party seeking equitable tolling has the burden of establishing that: (1) he has been pursuing his rights diligently and (2) that some extraordinary circumstance interfered with his ability to timely file. Pace v. DiGugliemo, 544 U.S. 408, 418 (2005). To determine whether a satisfactory impediment exists that would prevent a petitioner from filing under Section 2244(d)(1)(B), a court looks at the particular facts of the case. Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc).

On December 29, 2004, Petitioner received a copy of the "Board of Prison Terms, Life Prisoner Decision Face Sheet" summarizing the Board's decision denying parole. [Resp.'s Lodgment 3, Board Decision.] The form stated: "This form and the Board's decision at the end of the hearing is only proposed and NOT FINAL. It will not become final until it is reviewed." Id. (emphasis in original). Petitioner also received a copy of the Board Hearing Transcript, which read "THIS DECISION WILL BE FINAL ON: April 27, 2005. YOU WILL BE PROMPTLY NOTIFIED IF, PRIOR TO THAT DATE, THE DECISION IS MODIFIED." [Pet.'s Lodgment 4; Id. at 54, lines 24-26 (emphasis in original).]

Consequently, even if Petitioner had received notice of the Board's decision to deny administrative appeals, Petitioner reasonably relied on both of these documents that stated the Board's decision was not final until April 27, 2005. Accordingly, the Court finds that Petitioner pursued his rights diligently and is entitled to equitable tolling of a 120 day period from December 29, 2004 to April 27, 2005. Thus, the limitations period starts on April 28, 2005 and would expire, absent statutory tolling, on April 28, 2006.

**B.     Petitioner is Also Entitled to Statutory Tolling for the Time his Petition was Under Consideration by the State Courts**

Under AEDPA, the one year statute of limitations is subject to statutory tolling for the period of time during which a properly filed claim is pending. 28 U.S.C. § 2244(d)(2). A petition is "pending" until a final decision has been reached in the state court system. Carey v. Saffold, 536 U.S. 214, 220 (2002). Where there is no "undue delay," a petitioner in California is usually entitled to a "full round" of collateral review in state court without federal interference, meaning that the statute of limitations remains tolled. Id. at 220-221. However, to preserve this tolling, a Petitioner must file collateral challenges to state dismissals of habeas petitions within a reasonable

time unless an explanation or justification is otherwise provided. Id. at 217-21; see also Evans v. Chavis, 546 U.S. 189 (2006); Culver v. Dir. of Corr., 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (finding delays of seventy-one and ninety-seven days between petitions unreasonable and refusing to allow statutory tolling). In addition, time is not tolled when a petitioner's first filing of a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181 (2001).

In the instant case, Petitioner is entitled to statutory tolling for each period during which his petition was before a state court. See Carey, 536 U.S. at 220. The following dates are therefore tolled: (1) the 33 days between August 19, 2005, when Petitioner filed for a writ of habeas corpus in the Los Angeles County Superior Court and September 21, 2005, when the Superior Court denied the petition; (2) the 20 days between January 13, 2006, when Petitioner filed in the California Court of Appeal and February 2, 2006, when that court denied his petition; and (3) the 212 days between May 22, 2006, when petitioner filed in the California Supreme Court and December 20, 2006, when the Supreme Court denied his habeas petition. Therefore, a total of 265 days are tolled to account for the time when his petition was "pending" in state court.

As stated, with equitable tolling, the Court finds the limitations period would expire on April 28, 2006. When these 265 days are statutorily tolled, the statute of limitations expires on January 17, 2007. Therefore, Petitioner timely filed his petition by filing on January 17, 2007.[2]

**II.    Petitioner Failed to Exhaust Third Claim in State Court**

According to 28 U.S.C. § 2254(b)(1)(A), a Petitioner must exhaust all remedies available in state courts before a federal habeas petition can be granted. Picard v. Connor, 404 U.S. 270,

---

[2] Respondent argues that statutory tolling does not apply to each of Petitioner's delays in filing before the various state courts because the delays were unreasonable. Petitioner contends that his delays were reasonable due to limited access to the prison law library. The Court finds that the issue is moot because even absent statutory tolling for these delays, the petition was still timely filed.

275 (1971). Petitioner stipulates to Respondent's argument that his third claim in support of habeas relief was not exhausted in state court and requests that the Court dismiss that claim. [Pet.'s Opp. at 3.] The Court **GRANTS** Petitioner's request and dismisses the third claim for relief without prejudice.

### III.     Petition Fails to State Facts Supporting Any of his Grounds for Relief

According to Rule 2(c) of the Rules governing Section 2254 cases, the petition "shall set forth in summary form the facts supporting each of the grounds [for relief]." Rule 2(c), 28 U.S.C. foll. § 2254; see also Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir. 1970) (affirming dismissal of federal habeas petition where petitioner presented conclusory statements devoid of factual support); Soewapadji v. Wixon, 157 F.2d 289, 290 (9th Cir. 1946). Under Section 2254, a petitioner is required to allege facts "with sufficient specificity to support his claim for relief." Wacht v. Cardwell, 604 F.2d 1245, 1246 (9th Cir. 1979). The petition should allow the court to determine "from the face of the petition alone, whether the petition merits further habeas corpus review." Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). The Court is not required to sift through the state court records of habeas petitioners to determine whether sufficient facts exist to support the claim for relief. Id. at 333. Courts, however, should be lenient in their interpretation of pro se pleadings, yet "this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner." Burkey v. Deeds, 824 F. Supp. 190, 193 (D. Nev. 1993). A Federal Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856 (1994) (emphasis added).

In the present action, Petitioner fails to comply with Rule 2(c) because he does not provide factual allegations in support of his grounds for relief. Instead, Petitioner attempts to substitute supporting facts by referring the Court to pages 11-24 of exhibit 1 of his petition. [Pet. 5-6.]

Exhibit 1 is a copy of Petitioner's California Supreme Court petition, and the pages cited, 11-24, do not state facts supporting the grounds for relief in his federal Petition. Rather, these pages contain parts of his argument in support of his state petition. [Pet., Exhibit 1 at 11-24.]

In the instant case, the court acknowledges that petitioner is proceeding pro se. However, the petition, on its face, contains no facts in support of Petitioner's grounds for relief. Petitioner's attempt to incorporate the exhibit pages in place of these facts is inadequate. Further, this Court is not required to review Petitioner's entire California Supreme Court record in order to determine if the necessary facts exist to support his grounds for relief. Adams, 897 F.2d at 334. Therefore, the Court **DISMISSES** Plaintiff's remaining claims for relief without prejudice.

## CONCLUSION

For the foregoing reasons, the Court: (1) finds that Petitioner timely filed his petition for a writ of habeas corpus and therefore **ADOPTS** the Report and Recommendation in this respect, and (2) **GRANTS** Respondent's motion and **DISMISSES** Petitioner's claims for relief without prejudice.[3]

**IT IS SO ORDERED.**

DATED: March 21, 2008

_Janis L. Sammartino_
**Honorable Janis L. Sammartino**
**United States District Judge**

---

[3] The Court is dismissing the petition without prejudice. Therefore, Respondent's motions for an extension of time to file an answer are **DENIED** as moot. [Docs. Nos. 12, 13.]