# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GENE MAYFIELD, JR., <br><br> Petitioner, <br> vs. <br><br> L. E. SCRIBNER, et al., <br><br> Respondents. | CASE NO. 07-CV-340 JLS (WMc) <br><br> **ORDER: (1) ADOPTING THE REPORT AND RECOMMENDATION, AND (2) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS** <br><br> (Doc. No. 25.) |

Presently before the Court is Thomas Gene Mayfield's (Petitioner) first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 19 ("FAP").) The petition challenges the Board of Prison Terms's ("Board") decision to deny Petitioner's release for parole.

Also before this Court is Magistrate Judge William McCurine, Jr.'s Report and Recommendation (R&R) advising this Court to dismiss the instant petition, (Doc. No. 25) and Petitioner's objections. (Doc. No. 26.) For the following reasons, the Court **ADOPTS** the report and recommendation and **DISMISSES** the petition.

## FACTUAL BACKGROUND

Magistrate Judge McCurine's R&R contains a thorough and accurate recitation of the facts. (R&R, at 1–4.) This Order incorporates by reference the facts as set forth in the R&R.

//
//

**PROCEDURAL HISTORY**

Petitioner filed the instant petition on April 17, 2008, claiming violations of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and under the California Constitution by the board's decision denying him parole. (FAP, at 3.) On May 16, 2008, Respondent filed a response to the petition. (Doc. No. 20.) On July 9, 2008, Petitioner filed a traverse. (Doc. No. 24.) On December 3, 2008, Magistrate Judge William McCurine, Jr. issued a Report and Recommendations recommending that this Court deny the present petition. (Doc. No. 25.) Petitioner timely filed his objections on December 29, 2008. (Doc. No. 26.)

**LEGAL STANDARDS**

**I.  Review of the Report and Recommendation**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of the district court in connection with a magistrate judge's report and recommendation. "The district court must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. 636(b)(1)(c); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980).

**II.  Review of Habeas Corpus Petitions Under 28 U.S.C. § 2254**

Pursuant to 28 U.S.C. § 2254(a), this Court may only review claims within an application for a writ of habeas corpus based "on the ground that [the Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." Where the Petitioner is "in custody pursuant to the judgment of a State court," this Court may only grant the petition if:

> the adjudication of the claim [either] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under § 2254(d)(1), federal law must be "clearly established" in order to support a habeas claim. The United States Supreme Court has held that "clearly established" "refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision."

1  Williams v. Taylor, 529 U.S. 362, 412 (2000). The Supreme Court has explained that a state court decision may be "contrary to" clearly established precedent in two circumstances. First, "if the state court applies a rule that contradicts the governing law set forth in" decisions of the Supreme Court, it is "contrary to" clearly established law. Id., at 405. Second, where "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from our precedent," it will also be "contrary to" clearly established law. Id., at 406.

Similarly, a state court decision involves an "unreasonable application" of clearly established law in two general cases. First, the "unreasonable application" test is satisfied "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id., at 407. Second, a state court unreasonably applies federal law where it "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. Under the unreasonable application prong, "[i]t is not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a 'firm conviction' that the state court was 'erroneous.'" Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citations omitted). That is, "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' Rather, that application must be objectively unreasonable." Id., at 75–76 (citations omitted).

Finally, § 2254 authorizes habeas relief where the state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court." 28 U.S.C.A. § 2254(d)(2). This provision requires the petitioner to demonstrate by clear and convincing that the factual findings upon which the state court's adjudication of his claims rest are objectively unreasonable. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

//

//

### III. Clearly Established Federal Law

Petitioner claims that his due process rights have been violated. (FAP, at 6–8.) To demonstrate this violation, Petitioner must show that he has a protected interest with which the state has interfered and that the procedures provided on that deprivation were constitutionally inadequate. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989).

As both the R&R and the Petitioner agree, the California parole statute "gives rise to a cognizable liberty interest in release on parole," McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002), which is "created, not upon the grant of a parole date, but upon the incarceration of the inmate."[1] Biggs v. Terhune, 334 F.3d 910, 915 (9th Cir. 2003). The Ninth Circuit has held that the state satisfies the minimum due process requirements for a parole hearing where "some evidence" in the record supports the board's finding. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1127–28 (9th Cir. 2006); see also Superintendent of the Mass. Corr. Inst. v. Hill, 472 U.S. 445 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Sass, 461 F.3d at 1128 (quoting Hill, 472 U.S. at 455–56). The Ninth Circuit has also held that "'the evidence underlying the board's decision must have some indicia of reliability.'" Biggs, 334 F.3d at 915 (quoting Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987)).

### ANALYSIS

Magistrate Judge McCurine found that Petitioner's due process rights were not violated because some evidence supports the board's decision. (R&R, at 17.) Petitioner objects to the R&R's conclusion that "there is some evidence that exists in the record to support the parole boards (sic) denial of parole, when in fact all the evidence submitted to this Court is to the contrary."[2] (Objections,

---

[1] Although Respondent's papers argue that the "some evidence" standard of Superintendent of the Mass Corr. Inst. v. Hill, 472 U.S. 445 (1985) does not apply to parole hearings, (Response, at 13.) Magistrate Judge McCurine rejected that contention. (R&R, at 7–8.) Since Respondent did not object to the R&R and since it is not clearly erroneous, this Court the R&R's finding.

[2] Petitioner also objects to the R&R's finding that Petitioner's claims under California state law are not cognizable for purposes of a federal habeas corpus petition. (See Objections, at 5.) However, the United States Supreme Court has plainly held "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Thus, this Court adopts the R&R's finding that Petitioner's state law claims

at 5.) After a thorough review of all relevant materials, this Court adopts in full Magistrate Judge McCurine's R&R for the reasons stated below.

In analyzing Petitioner's claims, this Court reviews the last reasoned state court decision to determine whether Petitioner's due process rights have been violated. Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991). In this case, the California Supreme Court denied Petitioner's petition without comment. (Lodgment No. 13.) Thus, this Court must look through that decision to the decision by the court of appeals. Ylst, 501 U.S. at 804. The court of appeals denied the petition on the merits, effectively adopting the superior court judge's reasoning.[3] (Lodgment No. 10.) Both appeals and superior courts found against Petitioner because some evidence on the record supports the board's findings. (Id.; Lodgment No. 8.) Specifically, the superior court found that the record contained sufficient evidence to support the board's findings that: (1) the crime was carried out in a dispassionate manner; (2) involved multiple victims; (3) the motive was trivial; (4) Petitioner had a previous record of violence; (5) Petitioner had an unstable social history; and (6) Petitioner could benefit from additional self-help programming. (Lodgment No. 8, at 2–3.) The court also rejected claims that the board ignored factors that supported parole. (Id., at 3.)

The "some evidence standard is minimal, and assures that 'the record is not so devoid of evidence that the findings of the . . . board were without support or otherwise arbitrary.'" Sass, 461 F.3d at 1129 (quoting Hill, 472 U.S., at 457). Having reviewed the facts as stated by the board, the state court, and the R&R, this Court finds that there is "some evidence" to support the board's decision.[4] Magistrate Judge McCurine appropriately analyzed this evidence in the R&R. (R&R, at 11–17.) Keeping in mind that very little is required to satisfy the "some evidence" standard, the Court

---

are not cognizable.

[3] The court of appeals' opinion reads, in full: "The court has read and considered the petition for writ of habeas corpus filed January 13, 2006. The petition is denied. The record submitted reflects some evidence to support the decision of the Board of Prison Terms. Accordingly, that decision is supported, and the superior court correctly denied the habeas corpus petition filed in that court. (In re Dannenberg (2005) 34 Cal.4th 1061, 1071, 1080; In re Rosenkrantz (2002) 29 Cal.4th 616, 664–665.)" (Lodgment No. 10.)

[4] As noted by Magistrate Judge McCurine, all of the facts discussed herein "have some indicia of reliability" because they have been admitted to by Petitioner. (See, e.g., R&R, at 14.)

- 5 -    07cv340

turns to whether some evidence supports the board's decision.

As stated above, Magistrate Judge McCurine is correct that some evidence supports each of the board's six findings.[5] The first three findings identified by the superior court all involve Petitioner's commitment offense,[6] and some evidence in the record supports each.[7] First, some evidence supports the board's finding that the crime was carried out in a dispassionate manner. Petitioner ordered his fellow gang members to shoot at four people, even though Petitioner had been childhood friends with one of them. (Lodgment No. 7 (Parole Tr.), at 10–12, 38.) This is some evidence that Petitioner's crime was dispassionate and calculated. (See also R&R, at 11–12.) Secondly, the undisputed facts of Petitioner's crime demonstrate that multiple victims were involved. (Parole Tr. at 10–12.) Third, some evidence supports the board's finding that the motive for Petitioner's crime was trivial. (See R&R, at 10.) This was a gang-related crime. Petitioner was a twenty-year old adult with a wife and child at the time. (Parole Tr., at 49, 52.) It was not unreasonable for the board to find that Petitioner's motive and irresponsible behavior "def[y] logic." (Id.) These factors provide some evidence for the board's finding that the motive was trivial.

Next, some evidence supports the board's finding that Petitioner had a previous history of violence. Cal. Code Regs, tit. 15, § 2281(c)(2); see also R&R, at 12–13. Petitioner admitted that he joined a gang at a young age and spent a year in a juvenile detention facility for assault with intent to commit murder. (Parole Tr. at 14–18.) Moreover, Petitioner joined a gang in prison and participated in gang activity, including assaultive behavior. (Id., at 34.) This is some evidence that, as found by

---

[5] Petitioner argues that the R&R's conclusions are arbitrary and capricious. (See, e.g., Objections, at 8.) This Court, however, finds that none of Magistrate Judge McCurine's findings were arbitrary or capricious as all are abundantly supported by the facts of this case.

[6] The board's findings regarding Petitioner's commitment offense correspond to criteria under California law for a finding of unsuitability for parole based on the commitment offense. Cal. Code Regs., tit. 15, § 2281(c)(1) ("Commitment Offense. The prisoner committed the offense in an especially heinous, atrocious or cruel manner. The factors to be considered include: (A) Multiple victims were attacked, injured or killed in the same or separate incidents. (B) The offense was carried out in a dispassionate and calculated manner, such as an execution-style murder. (C) The victim was abused, defiled or mutilated during or after the offense. (D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering. (E) The motive for the crime is inexplicable or very trivial in relation to the offense.").

[7] Specifically, those three factors are: (1) the crime was carried out in a dispassionate manner; (2) involved multiple victims; and (3) the motive was trivial. (Lodgment No. 8, at 2.)

1  the board, Petitioner has an extensive and escalating history and pattern of criminality and assaultive
2  behavior beginning when he was a juvenile.  (Id., at 49, 52.)

3        Petitioner objects to the board's reliance on his commitment offense and his escalating pattern
4  of violence because it is an "immutable and unchangeable circumstance."  (Objections, at 7 & 9–10.)
5  According to Petitioner, the parole board is not permitted to rely on static and unchanging factors.
6  (See Objections, at 6–7.)  Citing In re Lawrence, 44 Cal. 4th 1181 (2008), and Biggs, Petitioner argues
7  that reliance on these factors violates his due process rights.  (Objections at 6–7.)  However, these
8  cases do not support Petitioner's claim.  In Lawrence, the California Supreme Court held that
9  insufficient evidence supported the Governor's decision to reverse the parole board.  In re Lawrence,
10 44 Cal. 4th, at 1226.  Nonetheless, the court reiterated that the decision of whether to grant parole
11 requires "individualized assessment of the continuing danger and risk to public safety" "based upon
12 an evaluation of each of the statutory factors," including, presumably, the commitment offense.  Id.,
13 at 1227.  It also noted that in certain cases, the offense may be sufficient by itself to provide some
14 evidence supporting a denial of parole.  Id., at 1228.  Similarly, Biggs did not completely preclude
15 reliance on a petitioner's commitment offence, rather, it simply noted that reliance on past events
16 should decrease over time.  Biggs, 334 F.3d, at 916.  In this case, Petitioner has not presented
17 sufficient evidence to demonstrate that the "static and unchanging" factors are so unreliable that they
18 cannot serve as "some evidence" supporting the board's decision to deny him parole.  Thus, the Court
19 rejects Petitioner's claim that his commitment offense and gang activity in prison can not serve as
20 evidence supporting the board's decision.

21       Fourth, some evidence supports the board's finding that Petitioner had an unstable social
22 history.  (Parole Tr., at 49, 52; see also R&R, at 13–14.)  Petitioner joined a gang at an early age and
23 prioritized his gang affiliation over his wife and child.  (Parole Tr., at 20.)  Petitioner stated that he
24 "felt disloyalty to" his family, and that his father was a bad man and an alcoholic.  (Id., at 16.)  These
25 facts are some evidence that Petitioner "has a history of unstable or tumultuous relationships with
26 others."

27       Finally, the parole board found that Petitioner "has not yet sufficiently participated in
28 beneficial self-help" programs.  (Id., at 49.)  Petitioner's psychological report stated that Petitioner
"attributes [his commitment offense] more to associations and circumstances rather than

acknowledging the pattern, which led up to this." (FAP, Ex. 2, at 4.) Moreover, it "encouraged [him] to do more self-exploration." (Id.) These findings in the report provide some evidence to support the board's finding that Petitioner "ha[d] not yet sufficiently participated in beneficial self-help" programs. (Parole Tr. at 49; R&R, at 15–16.)

Ultimately, Petitioner's objections boil down to a disagreement with how the parole board chose to weigh the evidence in front of it. (See, e.g., Objections, at 6 ("The board put too much evidence on Petitioner's past social history.").) The decision of whether or not to grant parole is an "individualized assessment of the continuing danger and risk to public safety" "based upon an evaluation of each of the statutory factors." In re Lawrence, 44 Cal. 4th, at 1227. Petitioner does not deny the nature or events of his crime, his gang involvement in prison, and the other factors which weighed into the denial of his parole. Instead, he emphasizes the evidence supporting his parole bid. However, the pertinent question here is whether "some evidence" supports the board's decision. Sass, 461 F.3d at 1127–28. In this case, as discussed above, the Court agrees with Magistrate Judge McCurine: some evidence supports the board's decision and therefore this petition must be denied.

## CONCLUSION

For the reasons stated above, this Court **ADOPTS IN FULL** Magistrate Judge McCurine's report and recommendations. Petitioner's petition is hereby **DENIED**. The Clerk shall close the file.

IT IS SO ORDERED.

DATED: January 20, 2009

Honorable Janis L. Sammartino
United States District Judge